**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PIERRE DEGLAIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 26-02070 |
| | ) | |
| | ) | |
| FRENCH STATE *et al.*,             , | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

In this pro se action transferred from the Southern District of New York, the initiating document is titled "Cover Letter – Joint Submission to European, UK, and US Jurisdictions" and subtitled "Global Cross-Jurisdictional Action – Pierre Deglaire v. French State & Banks & Private Actors." ECF No. 1.  Pending is Plaintiff's motion to proceed *in forma pauperis* (IFP).  For the following reasons, the court grants the IFP motion and dismisses the perplexing complaint.

Although *pro se* complaints are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must comport with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) requires that a complaint contain a short and plain statement of (1) the grounds for the court's jurisdiction, (2) the claim showing that the pleader is entitled to relief, and (3) the relief demanded. Fed. R. Civ. P. 8(a).  It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  For clarity, a plaintiff "must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  The pleading rules ensure that defendants receive fair notice of the claim being asserted so that they

can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  They also assist the court in determining whether it has jurisdiction over the subject matter.  If the court determines at any time that it lacks subject-matter jurisdiction, it "must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

The court gathers from the 44-page pleading that Plaintiff resides in France and sues foreign defendants, albeit for reasons unclear.[1]  A complaint, as here, that "is excessively long, rambling, disjointed, incoherent, [and] full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard," as will a complaint, as here, "that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments."  *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (citations omitted).  Plaintiff has not alleged a cogent set of facts "to give the defendants fair notice" of a claim "and the grounds upon which it rests[.]"  *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016).  Most importantly, Plaintiff has not pleaded an exception to France's immunity under the Foreign Sovereign Immunities Act (FSIA) nor established a basis for exercising jurisdiction over the "private actors."  *See Opati v. Republic of Sudan*, 140 S. Ct. 1601, 1605 (2020) (The FSIA "holds

---

[1]   The complaint includes 278-pages of exhibits, ECF Nos. 1-1 through 1-7, which this court has no duty "to sift and sort through" in search of a claim.  *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 153 (D.C. Cir. 1996); *see Osahar v. U.S. Postal Service*, 297 F. App'x 863, 864 (11th Cir. 2008) (per curiam) ("to force the parties and the court to sift through an additional 100 pages of [complaint exhibits]would frustrate the purpose of Rule 8(a)(2)").

foreign states and their instrumentalities immune from the jurisdiction of federal and state courts"

save exceptions set out in the Act.).  Therefore, this case will be dismissed by separate order.

_____/s/_____
TANYA S. CHUTKAN

Date: June 22, 2026                              United States District Judge